## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHANBOND, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. _____ |
| RCN TELECOM SERVICES, LLC, | ) **TRIAL BY JURY DEMANDED** |
| Defendant. | ) ) ) |

## **COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff ChanBond, LLC ("ChanBond"), as for its complaint of patent infringement in this matter, hereby alleges through its attorneys as follows:

### **Nature of the Action**

This is an action for patent infringement of United States Patent Nos. 7,941,822 (the "'822 Patent"), 8,341,679 (the "'679 Patent") and 8,984,565 (the "'565 Patent") under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, seeking damages and injunctive and other relief under 35 U.S.C. § 281, *et seq.*

### **The Parties**

1. Plaintiff ChanBond is a Delaware limited liability company with its principal place of business at 2633 McKinney Ave., Dallas, Texas 75204.

2. Defendant RCN Telecom Services, LLC ("RCN") is a Delaware limited liability company with its principal place of business at 650 College Road East, Suite 3100, Princeton, New Jersey 08540. RCN may be served with process via its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

**Jurisdiction and Venue**

3. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the action concerns the infringement of United States patents.

5. This court has personal jurisdiction over defendant. Defendant is a limited liability company organized and existing under the laws of the State of Delaware, and defendant maintains a registered agent for service of process in Delaware. In addition, upon information and belief, defendant transacts substantial business in the State of Delaware, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein, and (ii) regularly does or solicits business in Delaware, engages in other persistent courses of conduct, maintains continuous and systematic contacts in Delaware, purposefully avails itself of the privileges of doing business in Delaware, and/or derives substantial revenue from goods and services provided to individuals in Delaware.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, among other reasons, defendant has transacted business in the State of Delaware and defendant has committed and continues to commit acts of patent infringement in Delaware.

**The Patents-In-Suit**

7. On May 10, 2011, the United States Patent and Trademark Office duly and legally issued the '822 Patent, entitled "Intelligent Device System and Method for Distribution of Digital Signals on a Wideband Signal Distribution System," to its inventors, Earl Hennenhoefer, Richard Snyder and Robert Stine. The inventors assigned all rights in the '822 Patent to CBV, Inc. ("CBV"), which was founded by the inventors, and CBV assigned the '822 Patent to ChanBond,

including all rights to enforce the '822 Patent and to recover for infringement. ChanBond has all right, title and interest to the '822 Patent. The '822 Patent is valid and in force. A true and correct copy of the '822 Patent is attached hereto as Exhibit A.

8.     On December 25, 2012, the United States Patent and Trademark Office duly and legally issued the '679 Patent, entitled "Intelligent Device System and Method for Distribution of Digital Signals on a Wideband Signal Distribution System," to its inventors, Earl Hennenhoefer, Richard Snyder and Robert Stine. The inventors assigned all rights in the '679 Patent to CBV, which was founded by the inventors, and CBV assigned the '679 Patent to ChanBond, including all rights to enforce the '679 Patent and to recover for infringement. ChanBond has all right, title and interest to the '679 Patent. The '679 Patent is valid and in force. A true and correct copy of the '679 Patent is attached hereto as Exhibit B.

9.     On March 17, 2015, the United States Patent and Trademark Office duly and legally issued the '565 Patent, entitled "Intelligent Device System and Method for Distribution of Digital Signals on a Wideband Signal Distribution System," to its inventors, Earl Hennenhoefer, Richard Snyder and Robert Stine. The inventors assigned all rights in the '565 Patent to CBV, which was founded by the inventors, and CBV assigned the '565 Patent to ChanBond, including all rights to enforce the '565 Patent and to recover for infringement. ChanBond has all right, title and interest to the '565 Patent. The '565 Patent is valid and in force. A true and correct copy of the '565 Patent is attached hereto as Exhibit C.

10.    Generally, the patents-in-suit are directed in improving the data transmission of wideband distribution systems. Historically, data service flows (e.g. data, web traffic, voice and video transmitted via the Internet Protocol) have been transmitted over a single channel at a fixed

bandwidth. But with the demand for transmission of more and more content at ever increasing speeds, the capabilities of a single channel transmission methodology became exhausted.

11. The patents-in-suit address and overcome, among other things, the throughput problems regarding this single channel methodology. The inventors of the patents-in-suit invented intelligent devices that allow a single data service flow (e.g. large data transmissions) to be split and modulated onto multiple channels for transmission. This transmission is then demodulated and recombined back into a single service flow for distribution to addressable devices. Using the inventions, service providers are now capable of efficiently transmitting more content at higher speeds and better quality of service.

## COUNT I
### (INFRINGEMENT OF THE '822 PATENT)

12. Plaintiff incorporates paragraphs 1 through 11 herein by reference as if set forth here in full.

13. Upon information and belief, RCN has been and is currently directly infringing, literally or under the doctrine of equivalents, one or more claims of the '822 Patent by making, using, testing, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, cable systems and cable services that are covered by at least one claim of the '822 Patent. The accused cable systems include cable system components such as cable modem termination systems, RF transmission hardware, network monitoring equipment and customer premises equipment (*e.g.,* cable modems, embedded multimedia terminal adapters, and set-top boxes), including but not limited to components that are compliant with the Data

Over Cable System Interface Specification ("DOCSIS") standard, version 3.0 or higher.[1]  More particularly, RCN, without authority from Plaintiff, provides, operates, implements, sells, markets, imports and/or offers for sale cable systems and/or cable services that perform, are capable of performing or are provided having channel bonding functionality, including but not limited to cable systems and components that have the capability to distribute a service flow over multiple, bonded channels and/or the capability to receive a service flow over multiple, bonded channels (the "Accused Functionality").  RCN's cable systems and components that perform or are capable of performing the Accused Functionality, and/or the use of such cable systems and components, infringe one or more claims of the '822 Patent under 35 U.S.C. § 271.

14. As a result of RCN's unlawful infringement of the '822 Patent, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.  Plaintiff is entitled to recover from RCN the damages adequate to compensate for such infringement, which have yet to be determined.

15. RCN will continue to infringe the '822 Patent unless and until it is enjoined by this Court.

## COUNT II
## (INFRINGEMENT OF THE '679 PATENT)

16. Plaintiff incorporates paragraphs 1 through 15 herein by reference as if set forth here in full.

17. Upon information and belief, RCN has been and is currently directly infringing, literally or under the doctrine of equivalents, one or more claims of the '679 Patent by making, using, testing, offering to sell, and/or selling within the United States, and/or importing into the

---

[1] *See, e.g.,* http://help.rcn.com/#tab:homeTab:crumb:7:artId:3754:src:article ("RCN recommends and provides certified DOCSIS 3.0 equipment to ensure the best and fastest Internet experience.")

United States, without authority, cable systems and cable services that are covered by at least one claim of the '679 Patent.  The accused cable systems include cable system components such as cable modem termination systems, RF transmission hardware, network monitoring equipment and customer premises equipment (*e.g.,* cable modems, embedded multimedia terminal adapters, and set-top boxes), including but not limited to components that are compliant with the DOCSIS standard, version 3.0 or higher.  More particularly, RCN, without authority from Plaintiff, provides, operates, implements, sells, markets, imports and/or offers for sale cable systems and/or cable services that perform, are capable of performing or are provided having channel bonding functionality, including but not limited to cable systems and components that have the capability to distribute a service flow over multiple, bonded channels and/or the capability to receive a service flow over multiple, bonded channels (the "Accused Functionality").  RCN's cable systems and components that perform or are capable of performing the Accused Functionality, and/or the use of such cable systems and components, infringe one or more claims of the '679 Patent under 35 U.S.C. § 271.

18. As a result of RCN's unlawful infringement of the '679 Patent, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.  Plaintiff is entitled to recover from RCN the damages adequate to compensate for such infringement, which have yet to be determined.

19. RCN will continue to infringe the '679 Patent unless and until it is enjoined by this Court.

## COUNT III
### (INFRINGEMENT OF THE '565 PATENT)

20. Plaintiff incorporates paragraphs 1 through 19 herein by reference as if set forth here in full.

21. Upon information and belief, RCN has been and is currently directly infringing, literally or under the doctrine of equivalents, one or more claims of the '565 Patent by making, using, testing, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, cable systems and cable services that are covered by at least one claim of the '565 Patent.  The accused cable systems include cable system components such as cable modem termination systems, RF transmission hardware, network monitoring equipment and customer premises equipment (*e.g.,* cable modems, embedded multimedia terminal adapters, and set-top boxes), including but not limited to components that are compliant with the DOCSIS standard, version 3.0 or higher.  More particularly, RCN, without authority from Plaintiff, provides, operates, implements, sells, markets, imports and/or offers for sale cable systems and/or cable services that perform, are capable of performing or are provided having channel bonding functionality, including but not limited to cable systems and components that have the capability to distribute a service flow over multiple, bonded channels and/or the capability to receive a service flow over multiple, bonded channels (the "Accused Functionality").  RCN's cable systems and components that perform or are capable of performing the Accused Functionality, and/or the use of such cable systems and components, infringe one or more claims of the '565 Patent under 35 U.S.C. § 271.

22. As a result of RCN's unlawful infringement of the '565 Patent, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.  Plaintiff is

entitled to recover from RCN the damages adequate to compensate for such infringement, which have yet to be determined.

23. RCN will continue to infringe the '565 Patent unless and until it is enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ChanBond, LLC respectfully requests that this Court enter judgment in its favor as follows:

A. Declaring that defendant has infringed, literally and/or under the doctrine of equivalents, at least one claim of each of the '822, '679 and '565 Patents;

B. Awarding to Plaintiff the damages to which it is entitled under 35 U.S.C. § 284 for defendant's past infringement and any continuing or future infringement, including compensatory damages;

C. Awarding Plaintiff costs (including all disbursements) and expenses incurred in this action;

D. Awarding Plaintiff pre- and post-judgment interest on its damages; and

E. Awarding Plaintiff such other and further relief in law or in equity as this Court deems just and proper.

## JURY DEMAND

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any and all issues so triable by right.

Dated:  September 21, 2015                      BAYARD, P.A.

OF COUNSEL:                                     */s/ Stephen B. Brauerman*
                                                Stephen B. Brauerman (No. 4952)
Mark Raskin                                     Vanessa R. Tiradentes (No. 5398)
Robert Whitman                                  Sara E. Bussiere (No. 5725)
John F. Petrsoric                               222 Delaware Avenue, Suite 900
MISHCON DE REYA NEW YORK LLP                    P.O. Box 25130
750 Seventh Ave., 26th Floor                    Wilmington, Delaware 19899
New York, NY 10019                              (302) 655-5000
                                                sbrauerman@bayardlaw.com
                                                vtiradentes@bayardlaw.com
                                                sbussiere@bayardlaw.com

                                                *Attorneys for Plaintiff ChanBond, LLC*